FILED

99 FEB 24 AM 9: 49

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 24 1999

FEB 24 1999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ULTRALINER, INC. and G. B. COOKE, INC., ) | |
| ) | |
| Plaintiffs and Counterclaim Defendants, ) | CV 98-PT-1061-E |
| ) | |
| vs. ) | |
| ) | |
| HYDRO CONDUIT CORPORATION and PIPE LINERS, INC., ) | |
| ) | |
| Defendants and Counterclaim Plaintiffs ) | |
| ) | |
| and ) | |
| ) | |
| MADSEN/BARR-ALLWASTE, INC., and MADSEN/BARR-PHILIP UTILITIES MANAGEMENT CORPORATION, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This cause comes on to be heard on defendants' Motion For Judgment On The Pleadings filed on December 15, 1998. (See recorded conference held on February 11, 1999.)

At the recorded conference, the parties agreed that:

(1) False statements concerning patent infringement may, under appropriate circumstances, result in a Lanham Act violation.

(2) At common law there is a general absolute privilege or immunity which precludes

1

actions, other than perhaps malicious prosecution and abuse of process actions, premised on allegations in judicial complaints.

(3) There is no specific provision in the Lanham Act which preempts or abrogates said generally applicable privilege or immunity.

(4) That claims of unfair competition must be premised on false allegations.[1]

The court concludes, not withstanding the conclusory determination in Ashlar, Inc. v. Structural Dynamics Research Corp., 36 U.S.P.Q. 2d 1402 (N.D. Cal. 1995), that the absolute privilege or immunity obtains as to the Lanham Act unfair competition claim unless plaintiffs' "sham litigation" allegation overcomes the privilege or immunity.

The parties dispute the following issues:

Whether the complaint alleges extra judicial false allegations, in an adequately or organized fashion, so as to state a Lanham Act unfair competition claim.

The court has considered the allegations in the amended complaint, regardless of organization, as set out in Exhibit A to plaintiffs' opposition to the subject motion filed on January 15, 1999. The court finds no allegations of extra-judicial false statements.

The remaining issues to be addressed are the following:

1. Whether the absolute privilege or immunity related to judicial complaints is applicable to alleged "sham litigation" or whether allegation and proof of same will abrogate the privilege or immunity.

2. Whether the allegations of the plaintiffs' complaint sufficiently allege "sham

---

[1] Plaintiffs argue that there is no absolute privilege or immunity applicable to the allegations in the judicial complaint.

litigation" so as to rebut the claim of privilege or immunity if such relief therefrom is substantively available.

Within ten days, the parties will address these remaining issues as follows:

First issue: submitting highlighted portions of not more than five controlling or persuasive cases (preferable circuit court cases).

Second issue: By quoting pertinent allegations in the complaint.

If the court has failed to address issues, the parties may suggest same in a separate simultaneous submission.

**DONE** and **ORDERED** this _24th_ day of February, 1999.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

3